## Case No. 6,096.

### The HARRIET.

[Olc. 222;[1] 11 Hunt, Mer. Mag. 361.]

District Court, S. D. New York.. Nov., 1845.

PRACTICE IN ADMIRALTY—AFFIDAVIT BY ATTORNEY.

1. Courts of law, as a general rule, require affidavits to the merits of a cause to be made by the parties to the action, where a question of diligence or good faith is involved, but the rule is not inflexible, and the deposition of the attorney, upon good cause being shown, is sufficient.

2. The strict rules of the common law are not applicable to admiralty practice. The proctor is, in many cases in point of fact, dominus litis, clothed with all the authority of the party himself.

3. Without regard to that distinction, courts proceeding according to the civil law, admit proctors to exercise all the functions of attorneys at law.

[Cited in Daily v. Doe, 3 Fed. 918.]

In admiralty.

Pritchard, for claimant.
Mulock, for libellant.

## Case No. 6,097.

### The HARRIET.

[Olc. 229.][1]

District Court, S. D. New York. Dec., 1845.

MARITIME SERVICES — LIEN UNDER STATE LAW— ENFORCEMENT IN ADMIRALTY.

1. Where no materials are furnished or labor bestowed in the refitment or reparation of vessels, services, which are entitled to take the rank and character of maritime, are such as are performed in aid of the ship's company, or the navigation of the vessel, and are rendered while she is afloat upon tide waters.

2. A watchman employed on board a domestic vessel, is, under the state law, entitled to a lien upon her for his services, provided they amount to over fifty dollars, and he may sue therefor in his own name in admiralty.

[Cited in Bradley v. Bolles, Case No. 1,773; Cunningham v. Hall, Id. 3,481; Fox v. Holt, Id. 5,012; The George T. Kemp, Id. 5,341; The Erinagh, 7 Fed. 234.]

In admiralty.

W. Mulock, for libellant.
W. M. Pritchard, for claimants.

BETTS, District Judge. This was a suit to enforce a lien for wages under the state law, as a watch and keeper in charge of the above ship, a domestic vessel, whilst she was lying at the wharf in New-York; and the libel alleges that more than $50 is due therefor. The claimants filed a demurrer in the cause, pleading to the jurisdiction of the court, on the ground that the demand is not of a maritime character, and cognizable in admiralty. It is conceded that the libellant is a mere laborer on shore, not a mariner, and in no way attached to the ship, except sleeping on board nights, and watching her during the day, and that she was moored at the wharf in a dismantled state. I think, upon the statement of the case, those services are not of a character which would, by the maritime law, create a lien or privilege to the libellant against the ship.

[1] [Reported by Edward R. Olcott, Esq.]

[1] [Reported by Edward R. Olcott, Esq.]

When no materials are furnished or labor bestowed in the refitment or reparation of vessels, services which are entitled to take the rank and character of maritime, must be such as are performed in aid of the navigation of the vessel or the ship's company, or in furtherance of her appropriate business, and are rendered whilst she is employed afloat upon tide waters. The privilege has never been extended to draymen, who take her cargo to a vessel, or remove it from her, or to stevedores, who stow it, or discharge it, for the reason that men so engaged on domestic vessels are merely laborers, employed essentially in services distinct and different from navigating, or aiding to navigate or benefit the vessel or crew in actual employment. It is unnecessary to inquire what rule would be rightfully applied, when the vessel is a foreign one, or a keeper is employed on her in the stream, and away from a dock or wharf. But it is urged if that objection prevails, the libellant is still entitled to this remedy, the lien being given him by the local law, and that this court will secure him the benefit of it whether the claim has the character of maritime or not. The statute of the state renders every debt over $50 "contracted on account of the wharfage, and the expenses of keeping such vessel (any ship or vessel within the state) in port, including the expense incurred in employing persons to watch her, * * * a lien upon the vessel, her tackle, apparel and furniture." 2 Rev. St. [2d Ed.] p. 405, § 1, sub-sec. 3.

For the claimants it is contended that the statute has reference to such debts only as are contracted for wharfage, or keeping the vessel, in which a watchman's expense are included, and that no debt arises against the vessel as to such keeper or watchman, independent of wharfage. I am satisfied this is not the true construction of the act. The controlling and principal object and purpose of the law is to supply security to those who actually benefit vessels in the way pointed out by the statute, and it strikes me that a construction, which would provide a security for those who do not perform the service, and deny it to those who do, would be incongruous in the extreme. The phraseology of the law is somewhat indirect, but by affording a protection, by way of a lien, to those who incur expenses in employing persons to watch a vessel, the legislature palpably regarded the service of watching as the meritorious ground of the lien, and intended its advantages should accrue to whoever supplied that benefit to the vessel. If a wharfinger puts on board a watch, and pays him, those expenses come under the protection of the lien, and only so for the reason, that by such payment he became equitably subrogated to the rights of the man who rendered the service. The privilege created by the act must be considered intended for the service of watching, although so expressed as to embrace also the person who, it might be supposed, would naturally incur the expense of employing the watch. It is conceded that the wharfinger could maintain an action here for this demand, and in my opinion the libellant may proceed in his own name, and enforce in this court his remedy under the statute, provided his claim is proved to exceed $50. [The General Smith], 4 Wheat. [17 U. S.] 438; The Robert Fulton [Case No. 11,890].

Decree for the libellant and against the demurrer, with the usual liberty to the claimants to plead over.